KIPPEN, Respondent, v. GRANT COUNTY MILLING
COMPANY, Appellant.

(157 N. W. 496.)

. (File No. 3906.   Opinion filed April 11, 1916.)

**Waters and Water Courses—Damages for Violating Injunction—
Seepage from Reservoir—Directing Verdict—Sufficiency of Evidence.**

In a suit for damages resulting from seepage of water ·from
defendant's reservoir, in violation of a previous decree enjoining defendant from discharging water and steam into its reservoir without laying certain tiling, held, that, there being no
evidence that the defendant did so use the reservoir to the
injury of plaintiff since date of decree, the trial court ·erred in
refusing to direct verdict for defendant.

Appeal from Circuit Court, Grant County.   Hon. JOSEPH H.
BOTTUM, Judge.

Action by Thomas Kippen, against Grant County Milling
Company, a corporation, to . recover damages resulting from
defendant's failure to comply with a previous injunction · concerning the discharge of water into a reservoir. From a judgment
for plaintiff, and from an order denying a motion for a new trial,
defendant appeals.   Reversed.

See, also, 36 S. D. 220, 154 N. W. 443.

*Kaercher & Freerks,* for Appellant.

*Frank McNulty,* for Respondent.

WHITING, J.   This is an appeal from a judgment and an
order denying a new trial.   Certain preliminary matters were
presented to this court, relating to the settlement of the record
herein by the trial court.   We have examined these matters, and
find that the record has been duly and regularly settled, so that
the case is now properly before us upon the assignments of error,
being the same as the specifications of error found in the settled
record.

In the year 1911 the plaintiff procured a decree, granting a
permanent injunction against defendant, restraining defendant from
from discharging water and steam into a certain reservoir situated
on its premises, unless prior to September 1, 1911, it should lay certain tiling between such reservoir and plaintiff's premises, to prevent
the seepage of water from such reservoir into the cellar under a
house situated on such premises.   Alleging that the defendant

had failed to comply with the order of the court in relation to the laying of such drainage pipe, that, after September 1, 1911, it had continued to use such reservoir for the discharge of water and steam from its milling plant, and that such water from such reservoir had seeped in and upon the premises of plaintiff, injuring him, this action was brought, to recover damages claimed through such injury. At the close of plaintiff's testimony, and again at the close of all the testimony, the defendant asked for a directed verdict upon the ground that the evidence wholly failed to show that defendant had, after September 1, 1911, ever used such reservoir for the purpose of discharging water and steam from said mill. This motion was overruled and, upon such ruling, was based one of the assignments of error herein, and the only one we find it necessary to consider. There was absolutely no evidence warranting the jury to find that these defendants had discharged into said reservoir from such mill, since September 1, 1911, any water that seeped in and injured the plaintiff, and the court should have directed the verdict prayed for by the defendant.

For the above error, the judgment and order appealed from are reversed.